TODD F. STEVENS (SBN 137842)
tstevens@keenlaw.com
MARY M. BEST (SBN 110220)
mbest@keenlaw.com
**KEENEY WAITE & STEVENS**
A Professional Corporation
402 West Broadway, Suite 1820
San Diego, CA  92101
Telephone:     (619) 238-1661
Facsimile:      (619) 231-1897

Attorneys for Defendant MIDLAND CREDIT MANAGEMENT, INC.

**UNITED STATE DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUSAN GOLDEN,<br><br>           Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC,<br><br>           Defendant. | Case No. 12-CV-2467-JLS-RBB<br><br>**ANSWER OF DEFENDANT MIDLAND CREDIT MANAGEMENT, INC. TO PLAINTIFF'S COMPLAINT** |

Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM") answers Plaintiff's Complaint as follows:

**ANSWER**

**Paragraph Numbers in the Complaint:**

1. Paragraph 1 contains no charging allegations and therefore no response is necessary.

2. Paragraph 2 contains no charging allegations and therefore no response is necessary.

3. Defendant MCM admits Plaintiff has filed this action but denies the balance of the allegations in paragraph 3 of Plaintiff's Complaint.

4. Defendant MCM lacks information and belief in regard to the allegations of paragraph 4, and therefore denies the allegation.

5. Paragraph 5 contains no charging allegations and therefore no response is necessary.

6. Defendant MCM admits it does business in California but lacks information and belief in regard to the other allegations in paragraph 6 of the Plaintiff's Complaint, and therefore denies the allegations.

7. Defendant MCM denies the allegations of paragraph 7 of Plaintiff's Complaint.

8. Defendant MCM admits this Court possesses jurisdiction as alleged in paragraph 8 of Plaintiff's Complaint.

9. Defendant MCM denies it violated the Fair Debt Collection Practices Act ("FDCPA") or the Rosenthal Fair Debt Collection Practices Act ("RFDLPA") as alleged in paragraph 9 of Plaintiff's Complaint.

10. Defendant MCM admits this Court possesses jurisdiction as alleged in paragraph 10 of Plaintiff's Complaint.

11. Defendant MCM admits that this venue is proper, as alleged in paragraph 11 of Plaintiff's Complaint.

12. Defendant MCM admits it does business in California, as alleged in paragraph 12 of Plaintiff's Complaint.

13. Defendant MCM lacks information and belief in regard to the allegations of paragraph 13 of Plaintiff's Complaint and therefore denies the allegation.

14. Defendant MCM admits that it has offices located in San Diego, as alleged in paragraph 14 of Plaintiff's Complaint.

15. Defendant MCM lacks information and belief in regard to the allegations of paragraph 15 of Plaintiff's Complaint and therefore denies the allegations.

16. Defendant MCM admits that it engages in debt collection, but Defendant MCM lacks information and belief as to whether or not Plaintiff's financial obligations were primarily for personal, family or household purposes and therefore Defendant MCM denies that it was acting as a debt collector with regard to Plaintiff. Defendant MCM denies any remaining allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Defendant MCM lacks information and belief as to whether or not Plaintiff's financial obligations were primarily for personal, family or household purposes and therefore

1 Defendant MCM denies that Plaintiff is a "debtor" as that term is defined by California Civil Code §

2 1788.2(h).  Defendant MCM denies any remaining allegations contained in paragraph 17 of

3 Plaintiff's Complaint

4   18. Defendant MCM lacks information and belief as to whether or not Plaintiff's

5 financial obligations were primarily for personal, family or household purposes and therefore

6 Defendant MCM denies that it was acting as a "debt collector" as that term is defined by California

7 Civil Code § 1788.2(c).  Defendant MCM denies any remaining allegations contained in paragraph

8 18 of Plaintiff's Complaint.

9   19. Defendant MCM lacks information and belief as to whether or not Plaintiff's

10 financial obligations were primarily for personal, family or household purposes and therefore

11 Defendant MCM denies that Plaintiff's debt arose out of a consumer credit transaction or that

12 Plaintiff's debt constitutes "Consumer Credit" as those terms are defined by California Civil Code §

13 1788.2(f).  Defendant MCM denies any remaining allegations contained paragraph 19 of Plaintiff's

14 Complaint.

15   20. Defendant MCM admits that Plaintiff incurred a debt originally owed to Wells Fargo

16 Bank, as alleged in paragraph 20 in Plaintiff's Complaint.

17   21. Defendant MCM lacks information and belief as to whether or not Plaintiff's

18 financial obligations were primarily for personal, family or household purposes and therefore

19 Defendant MCM denies that Plaintiff's financial obligation is a "debt" as that term is defined by 15

20 U.S.C. §1692a(5).  Defendant MCM denies any remaining allegations contained in paragraph 21 of

21 Plaintiff's Complaint.

22   22. Defendant MCM lacks information and belief as to whether or not Plaintiff's

23 financial obligations were primarily for personal, family or household purposes and therefore

24 Defendant MCM denies that Plaintiff's financial obligation is a "debt" or a "consumer debt" as those

25 terms are defined by California Civil Code sections 1788.2(d) and 1788.2(f).  Defendant MCM

26 denies any remaining allegations contained in paragraph 22 of Plaintiff's Complaint.

27   23. Defendant MCM admits that Plaintiff incurred a debt as alleged in paragraph 23 of

28 Plaintiff's Complaint.

1   24. Defendant MCM admits it received an assignment of the debt at issue as alleged in
2   paragraph 24 of Plaintiff's Complaint.

3   25. Defendant MCM admits it sent a letter to Plaintiff dated January 3, 2012, but denies
4   the balance of paragraph 25 of Plaintiff's Complaint based on a lack of information and belief.

5   26. Defendant MCM lacks information and belief as to whether or not Plaintiff's
6   financial obligations were primarily for personal, family or household purposes and therefore
7   Defendant MCM denies that its January 3, 2012 letter was a "communication" or an "initial
8   communication" as those terms are defined by 15 U.S.C. sections 1692a(2) and 1692g(a).
9   Defendant MCM denies any remaining allegations contained in paragraph 26 of Plaintiff's
10  Complaint.

11  27. Defendant MCM lacks information and belief as to whether or not Plaintiff's
12  financial obligations were primarily for personal, family or household purposes and therefore
13  Defendant MCM denies that that it engaged in a "debt collection" as those terms are defined by
14  California Civil Code § 1788.2(b), and therefore Defendant MCM lacks information and believe as
15  to whether or not its January 3, 2012 letter was an "initial communication" as that term is defined by
16  California Civil Code § 1812.700(b).  Defendant MCM denies any remaining allegations contained
17  in paragraph 27 of Plaintiff's Complaint.

18  28. Defendant MCM admits it received a note purportedly written by Plaintiff on MCM's
19  January 3, 2012 letter to the Plaintiff; MCM lacks information and belief in regard to the balance of
20  the allegations of paragraph 28 of Plaintiff's Complaint, and therefore denies the allegations.

21  29. Defendant MCM lacks information and belief in regard to the allegations of
22  paragraph 29 of Plaintiff's Complaint and therefore denies the allegation.

23  30. Defendant MCM admits that it received a note purportedly authored by Plaintiff  on
24  March 12, 2012.  Defendant MCM denies any remaining allegations contained in paragraph 30 of
25  Plaintiff's Complaint.

26  31. Defendant MCM admits it sent a letter to Plaintiff dated March 8, 2012, which letter
27  speaks for itself, but denies the balance of the allegations in paragraph 31 of Plaintiff's Complaint.

28  32. Defendant MCM denies the allegations of paragraph 32 of Plaintiff's Complaint.

33. Defendant MCM denies the allegations of paragraph 33 of Plaintiff's Complaint.

34. Insofar as Plaintiff, in paragraph 34, re-alleges and incorporates by reference all previous allegations, Defendant MCM incorporates by reference all responses thereto.

35. Defendant MCM denies the allegations of paragraph 35 of Plaintiff's Complaint.

36. Defendant MCM denies the allegations of paragraph 36 of Plaintiff's Complaint.

37. Insofar as Plaintiff, in paragraph 37, re-alleges and incorporates by reference all previous allegations, Defendant MCM incorporates by reference all responses thereto.

38. Defendant MCM denies the allegations of paragraph 38 of Plaintiff's Complaint.

39. Defendant MCM denies the allegations of paragraph 39 of Plaintiff's Complaint.

40. Defendant MCM admits that Plaintiff has demanded a trial by jury but denies that Plaintiff has such a right since MCM has not committed any violations of the FDCPA or the RFDCPA.

41. Defendant MCM states that any other allegations contained in the Complaint not expressly admitted are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant MCM alleges that any violation of the FDCPA or of the Rosenthal Act, which Defendant MCM denies occurred, was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

### SECOND AFFIRMATIVE DEFENSE

Defendant MCM alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Defendant MCM alleges that with regard to the allegations contained in Plaintiff's Complaint, that Defendant MCM's conduct, communications and actions, if any, were privileged under state and federal law.

///

///

**FOURTH AFFIRMATIVE DEFENSE**

Defendant MCM alleges that Plaintiff has failed to mitigate damages which Plaintiff contends that Plaintiff suffered, and any recovery is thereby diminished or barred.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant MCM states that it did not commit any actionable violations of the FDCPA or of the Rosenthal Act.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant MCM asserts upon information and belief that arbitration is the more appropriate venue for Plaintiff's claims to be brought as Defendant may possess certain arbitration rights based on contracts entered into by the Plaintiff; Defendant MCM expressly reserves the right to compel arbitration in this matter and by filing this Answer, Defendant MCM does not waive those rights.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant MCM asserts that the injuries and damages of which Plaintiff complains, if any there were, may have been proximately caused by the intervening conduct of other parties, and recovery is therefore barred or proportionately reduced accordingly.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant MCM asserts that Plaintiff's claims are barred by the applicable statute of limitations.

**NINTH AFFIRMATIVE DEFENSE**

Defendant MCM alleges that Plaintiff's claims against Defendant MCM are barred, in whole or in part, by the doctrines of recoupment and/or set-off.

**TENTH AFFIRMATIVE DEFENSE**

Defendant MCM presently lacks sufficient knowledge or information upon which to ascertain whether as yet unstated affirmative defenses are available and therefore Defendant MCM reserves the right to assert and raise additional defenses ascertained by further investigation and discovery.

/ / /

/ / /

WHEREFORE, Defendant MCM prays for judgment as follows:

1. That Plaintiff take nothing by virtue of the First Amended Complaint;
2. For Defendant's costs of suit;
3. For reasonable attorneys' fees; and
4. For such other and further relief as the Court may deem just and proper.

Dated: November 20, 2102

**KEENEY WAITE & STEVENS**
A Professional Corporation

By: /s/ Todd F. Stevens
Todd F. Stevens
Attorneys for Defendant
MIDLAND CREDIT MANAGEMENT, INC.